634 A.2d 258

**Darrell W. ATKINS and Carol E. Atkins, Appellants,**

**v.**

**POTTSTOWN MEMORIAL MEDICAL CENTER, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1993.

Filed Nov. 23, 1993.

Lindley M. Cowperthwait, Jr., Norristown, for appellants.

R. Bruce Morrison, Philadelphia, for appellee.

Before WIEAND, CIRILLO and HESTER, JJ.

WIEAND, Judge.

Darrell W. Atkins, a patient at Pottstown Memorial Medical Center, fell while he was out of bed to go to the bathroom before surgery. He and his wife filed suit against the medical center, contending that the nurse, an employee of the medical center, had been negligent in allowing Atkins to go to the bathroom after administering pre-operative shots. The jury which heard the case agreed and found the medical center's employee negligent. The jury further found, however, that such negligence had not been a substantial factor in causing the injury for which Atkins sought to recover damages. The findings were molded into a verdict for the defendant, post-trial motions were denied, and judgment was entered on the verdict. Plaintiff appealed.

In the complaint it was alleged that Atkins had sustained contusions of the head and damage to the ligaments and nerve roots of the lower back. At trial, the evidence was that his head injuries had been superficial, and the focus of his damage testimony was the alleged injury to the lower back. Because Atkins had previously been involved in an automobile accident and his scheduled surgery was intended to correct a shoulder injury, the defendant took the position at trial that plaintiff's back injury had not been caused by his hospital fall but had existed prior thereto. The cause of the back injury, therefore, was an issue of fact for the jury to decide. The jury did so by finding that the nurse's negligence was not a substantial factor in causing husband-appellant's back injury. On appeal, it is argued that the jury's verdict was contrary to the weight of the evidence because the jury failed to award damages for the head contusions.

We reject this argument. As appellee's counsel has suggested, "this was a complicated back injury case, not a

superficial head wound case." Medical bills of approximately $55,000, lost wages in the amount of approximately $232,000 and the alleged permanency of injuries were all attributable to back injury, not to contusions of the head. The closing argument made by plaintiffs' counsel referred frequently to Atkins' back injuries but not once to head injuries; and the trial court's charge to the jury, without objection, made reference only to damages for the back injury allegedly sustained by the husband-plaintiff. Under these circumstances, appellants cannot now complain that the jury found that the nurse's negligence had not been a substantial factor in causing the back injury and awarded no damages. The jury's verdict, in view of plaintiffs' trial strategy, was not contrary to the weight of the evidence. It was consistent with competent evidence, the specific claim made by plaintiffs at trial, and the issues defined for the jury by the trial court's instructions. There is in the jury's findings no basis for awarding a new trial.

■ Appellants argue also that the trial court erred when it disallowed evidence of the contents of an "incident report" made following Atkins' fall. This report had been prepared for use by a risk manager (who sometimes reviewed incident reports with a Quality Assurance Committee), was marked "confidential" and was not made a part of the patient's hospital records. The trial court ruled that the report was inadmissible under the provisions of the Peer Review Protection Act. These provisions appear at 63 Pa.S. § 425.4 as follows:

### § 425.4 Confidentiality of review organization's records

The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or

any members thereof: Provided, however, That information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings.

After careful review of the purposes to be achieved by the statute, we conclude that the trial court erred when it excluded evidence of the incident report. This document contained information "otherwise available from original sources." It was not derived from nor part of an evaluation or review by a peer review committee. It was, rather, a report of an incident based on information also available to plaintiffs. As such, the report did not come within the need for confidentiality which the statute was intended to provide. Indeed, it is questionable whether a risk manager is a "review organization" to whom the protection of the statute extends. The report, therefore, was a business record not subject to the confidentiality safeguards of the statute. Cf. *Sanderson v. Frank S. Bryan, M.D., Ltd.*, 361 Pa.Super. 491, 501, 522 A.2d 1138, 1143 (1987), *allocatur denied*, 517 Pa. 624, 538 A.2d 877 (1988). See also: *Hanzsek v. McDonough*, 44 Pa.D. & C.3d 639 (Leh.1987); *Trent v. Lancaster General Hospital*, 44 Pa.D. & C.3d 606 (Lanc.1986); *Mazzucca v. Methodist Hospital*, 14 Phila. 573 (1986).

█ It does not follow, however, that the trial court's erroneous evidentiary ruling requires the grant of a new trial. As the Superior Court observed in *Wilson v. Donegal Mutual Ins. Co.*, 410 Pa.Super. 31, 598 A.2d 1310 (1991),

When the basis of the request for a new trial is the lower court's ruling(s) on evidence, to constitute reversible error, such ruling "must be shown not only to have been erroneous but harmful to the party complaining . . . ." *Hart v. W.H.*

*Stewart, Inc.,* 523 Pa. 13, 16, 564 A.2d 1250, 1252 (1989) (citations omitted). "An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment." *Id.*

*Id.* 410 Pa.Super. at 34, 598 A.2d at 1312. Here, the information contained in the incident report pertained to the circumstances surrounding Atkins' getting out of bed and using the bathroom. With respect to this aspect of the case, the jury found in favor of the plaintiff. It found that the medical center's employee had been negligent in allowing Atkins to get out of bed and go to the bathroom after pre-operative shots had been administered. The verdict for the defendant medical center was based upon the jury's finding that Atkins had failed to prove that the nurse's negligence was a substantial factor in causing his back injury. With respect to this issue, the incident report did not speak. We conclude, therefore, that the trial court's evidentiary ruling, although erroneous, did not affect the verdict and, therefore, does not require a new trial.

Judgment affirmed.