# Crawford v. Nedurian

*Clifford A. Rieders,* for plaintiff.
*Donna L. Rae,* for defendant Lock Haven Hospital.

SAXTON, *P.J.,* February 2, 1994—

## BACKGROUND

This matter is before the court on plaintiff's motion to compel discovery answer to interrogatory no. 28, and request for production of documents directed to Lock Haven Hospital. In response to court order, the parties appeared before this court on November 3, 1993, for argument on plaintiff's motion. Following oral argument, the court instructed the parties to file briefs regarding the motion to compel. Briefs have been timely filed by both parties.

The procedural history and factual background of this case was thoroughly discussed in this court's prior opinions.[1] To summarize the basis of the litigation, plaintiff's

---

1. On August 5, 1993, the court filed an opinion and order addressing defendants' preliminary objections to plaintiff's complaint. Again on November 9, 1993, the court entered an opinion and order disposing of defendants' preliminary objections to plaintiff's second amended complaint.

decedent, Josephine M. Reynolds, was admitted to defendant Lock Haven Hospital on January 19, 1993, to undergo carotid angiogram. Following her admission, defendant Nedurian began the angiogram with the assistance of defendant Hashem. Complications in the procedure, however, soon developed as Ms. Reynolds began to complain of chest pains. Despite attempts to alleviate her pain, Ms. Reynolds died at approximately 2:30 P.M. As administratrix of her mother's estate, plaintiff initiated this action against the above-named defendants in connection with the treatment at Lock Haven Hospital.

On June 16, 1993, plaintiff served a second request for production of documents on Lock Haven Hospital. In response, Lock Haven Hospital objected to certain requests by plaintiff based on the Pennsylvania Peer Review Protection Act. 63 P.S. §425.1 et seq. Specifically, Lock Haven Hospital objected to nos. 2, 3 and 4, requesting copies of staff privileges for defendants Nedurian, Shaw and Hashem. Lock Haven Hospital further objected to no. 7, as well as interrogatory no. 28, requesting any and all incident reports in connection with plaintiff's decedent. Pursuant to the Peer Review Protection Act, Lock Haven Hospital asserted the information was privileged and, therefore, refused to provide plaintiff with the documents. In response, plaintiff served a motion to compel discovery of documents upon Lock Haven Hospital on September 20, 1993.

Since the appearance of the parties before this court on November 3, 1993, Lock Haven Hospital has provided plaintiff with the information requested in nos. 2, 3 and 4. On December 10, 1993, Lock Haven Hospital filed an answer to plaintiff's motion to compel discovery. Within its answer, Lock Haven Hospital listed the staff privileges of defendants Nedurian, Shaw and Hashem. Therefore, the following discussion will only address the issue of whether the incident reports in connection

with plaintiff's decedent are discoverable or whether they are protected by the Peer Review Protection Act (Peer Review Act).

## DISCUSSION

Under the Peer Review Act, "proceedings and records of a review committee" are protected from "discovery or introduction into evidence in any civil action against a professional health care provider arising out of matters which are the subject of evaluation and review by such committee." 63 P.S. §425.4. "Peer review" is defined as "the procedure for evaluation by professional health care providers of the quality and efficiency of services ordered or performed by other professional health care providers." *Id.* at 425.2. A "review organization" is any committee engaged in peer review. Under the Act, however, the protection afforded peer review organizations is not absolute. Specifically, section 4 of the Act provides "that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of any such committee." 63 P.S. §425.4.

Based on the above legislation, the court must determine whether incident reports are discoverable or are protected by the Peer Review Act. Hospital incident reports document any happening which is not consistent with the routine operation of the hospital or the routine care of a particular patient. See *Hanzsek v. McDonough,* 44 D.&C.3d 639 (1987). Although both parties agree with this definition of incident reports, they are not in agreement as to how this definition should be reconciled with the Peer Review Act. Plaintiff seeks to convince the court the primary purpose of incident re-

ports is for patient care and, therefore, are not proceedings and records of the Peer Review Organization.[2] According to plaintiff, some type of "action" by the Peer Review Organization is necessary to create a proceeding or a record. Lock Haven Hospital, on the other hand, contends incident reports are not discoverable since they do not become part of the patient's medical record.[3] Rather, incident reports are for risk management and quality improvement purposes only.[4]

Turning to case law, the court finds a limited number of courts have directly dealt with this issue. As referred to above, *Hanzsek* is the first reported case to address the discoverability of incident reports. In *Hanzsek*, the hospital answered plaintiff's request for incident reports by giving the dates when the reports were prepared and the names of the nurses who prepared the reports. *Hanzsek, supra* at 641. The hospital, however, refused to respond to the portion of the interrogatory requesting the contents of the incident reports. The hospital argued such information was privileged and confidential under the Peer Review Act. *Id.* The court reviewed the record but found it devoid of information to assist in determining why the report had been prepared. Counsel for the hospital, however, did stipulate the hospital's brief contained an accurate description of the preparation of the reports and of their uses. *Id.* at 644.

Upon review of the Act, the *Hanzsek* court determined the term "original source," contained in the exception to the confidentiality requirement, means "documents prepared in the ordinary course of treatment of a patient." *Id.* Accordingly, the court went on to find:

2. Plaintiff's brief in support of motion to compel, page 11.

3. Defendant Lock Haven Hospital's brief in opposition to plaintiff's motion to compel discovery, page 7.

4. *Id.*

"[W]e interpret the act to mean that where a document is prepared solely for purposes of peer review, that document is not discoverable. Where a document is prepared solely in connection with recording events of the treatment of a patient that document is discoverable." *Id.* at 644.

Applying the above interpretations of the Act to the facts of *Hanzsek,* the court held documents routinely prepared by nurses whenever an unusual happening occurs makes those documents part of the patient's medical records, and renders them discoverable. *Id.* at 645. Although the court compelled discovery of the incident reports, they went on to state the decision "should be strictly limited to the peculiar facts of the particular case before the court. Nothing contained herein should be viewed as a blanket ruling on discoverability of all incident reports." *Id.*

In the instant case, plaintiff suggests the court should follow the analysis set forth in *Hanzsek.* Plaintiff argues "there is no difference between the incident reports in *Hanzsek* and the incident reports prepared by Lock Haven Hospital in the present case."[5] However, the apparent flaw in plaintiff's argument is the lack of information in the record concerning the purpose for which the incident reports were prepared. Since the record does not reflect a situation identical to *Hanzsek,* the court cannot draw such a conclusion based on the above case.

The same issue was again addressed in *Congdon v. Lancaster General Hospital,* 8 D.&C.4th 596 (1990). During the course of discovery, plaintiff learned the hospital possessed an incident report concerning the plaintiff's fall. Although the hospital asserted the docu-

---

5. Plaintiff's reply brief in support of motion to compel, page 6.

ment was immune from discovery under the Peer Review Act, it did provide a copy of the report for an in camera inspection by the court. *Id.* at 598. After review of the report, the court found the incident report did not provide sufficient information to determine the purpose for its preparation and its use. *Id.* Moreover, the plaintiff, whom the court believed had the burden of assuring the record contains information on the purposes and uses of the hospital's incident report, had not put that information before the court at the time of the filing of their motion. *Id.* at 600. Not reaching the issue of original source, as discussed in *Hanzsek,* the court concluded a hospital incident report cannot be ordered to be produced without this essential information.

Lock Haven Hospital suggests this court should follow the analysis set forth in *Congdon.* The court agrees the parties in the present action have not stipulated to the purpose behind the preparation of the reports, nor has the plaintiff argued the record contains information on the reports' purpose and use. However, one significant difference between the factual situations of the two cases is the opportunity of the *Congdon* court to review the incident report in question.

More recently, this issue was addressed by the appellate court in *Atkins v. Pottstown Memorial Medical Center,* 430 Pa. Super. 279, 634 A.2d 258 (1993). In *Atkins,* the court did not dispute the trial court's finding that the incident report had been prepared for use by a risk manager and was not made part of the patient's hospital record. *Id.* at 282, 634 A.2d at 260. Nevertheless, the court found the trial court erred in excluding evidence since the document contained information "otherwise available from original sources." *Id.* at 283, 634 A.2d at 260. Specifically, the court concluded:

"It [incident report] was not derived from nor part of an evaluation or review by a peer review committee. It was, rather, a report of an incident based on information also available to plaintiffs. As such, the report did not come within the need for confidentiality which the statute was intended to provide. Indeed, it is questionable whether a risk manager is a 'review organization' to whom the protection of the statute extends." *Id.* at 283, 634 A.2d at 260.

The above holding indicates a movement towards a broader interpretation of the "original source" exception, which in turn allows for more discoverability of incident reports.

The court concludes each decision turns on the court's understanding of the purpose and use of the report. Since this court is unaware of Lock Haven Hospital's purpose for preparation of its incident reports, the court cannot order the reports to be produced for plaintiff. However, as stated in *Hanzsek,* the court will not allow Lock Haven Hospital to avoid discovery of such documents by claiming they have been filed for risk management and quality improvement purposes. *Hanzsek, supra* at 645. Contrary to Lock Haven Hospital's belief, the determining factor is not whether the incident report initiated the peer review process, but for what *purpose* the report was generated.

Therefore, before the court will compel production of the documents for plaintiff, Lock Haven Hospital must present the documents to the court for an in camera inspection. The documents will not be made part of the record until the court determines whether the reports were prepared solely for the benefit of the hospital's peer review committee and thus confidential under the Peer Review Act, or if the reports are based on information also available to plaintiff and thus subject

to the "original source" exception. Accordingly, Lock Haven Hospital has 10 days from this date to supply the court with copies of all incident reports associated with the plaintiff's cause of action.

## ORDER

In accordance with the foregoing opinion, it is hereby ordered that, within 10 days from this date, Lock Haven Hospital supply the court with copies of all incident reports associated with plaintiff's cause of action. Upon receipt of the documents, the court will review the reports to determine their discoverability.