## Walmsley v. Pennsylvania Hospital

*Thomas J. Mattee,* for Walmsley and Burnett.

*Adrian R. King,* for Pennsylvania Hospital, Frederick A. Simeone M.D. and Leonardo Rodriguez Cruz M.D.

*John F. Monaghan Jr.,* for Matthew J. Dougherty M.D.

GREENSPAN, *J.,* November 15, 1996—In each of the above-captioned cases, this court has been asked to rule on the respective plaintiffs' requests to discover from defendant hospital the following with respect to other defendants in each case: residency and fellowship evaluation records and personnel and credentials files and notes, memoranda and correspondence relating to loss of privileges at other hospitals. Plaintiffs' burden here is to overcome the protections of the Pennsylvania Peer Review Protection Act, 63 P.S. §425.1 et seq. Under the Act, peer review organization testimony, documents, proceedings, and records are protected from discovery. Furthermore, the "review organization" is defined in the Act in pertinent part as "any committee engaging in peer review including . . . any hospital

board, committee, or individual reviewing professional qualifications or actions of its medical staff or applicants for admission thereto." 63 P.S. §425.2.

After a review of these provisions of the Act and existing case law, this court holds that the defendant hospital need not reveal any documents which are or were the product of peer review. More specifically, the protected documents are any evaluations by other health care providers (typically doctors) of the medical or surgical work of the defendant doctors including correspondence memoranda, notes or personnel and credential file materials that are in the nature of peer evaluations. Accordingly, the protection extends to any writings which are or incorporate evaluations by other health care providers. This does not include any otherwise relevant documents which are not the product of peer review. For example, curriculum vitae, notes or correspondence dealing with working conditions, relevant business records *i.e.* profit/loss, maintenance or engineering records, memorandum concerning approval or use of surgical hardware are not protected. See *Corrigan v. Methodist Hospital,* 857 F. Supp. 434 (E.D. Pa. 1994) ("peer review means peer review"). Thus, while the fact of suspension from another hospital may be discoverable, the peer review documents that may contain the reason for the suspension remain privileged.

A review of the applicable case law reveals that the appellate decision of *Sanderson v. Frank S. Bryan M.D. Ltd.,* 361 Pa. Super. 491, 522 A.2d 1138 (1987), *appeal denied,* 517 Pa. 624, 538 A.2d 877 (1988), is controlling in this matter and nothing in *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), recognizing a corporate liability cause of action against hospitals, changes the holding in *Sanderson* or undercuts the protection set forth by the Pennsylvania legislature in the

Peer Review Protection Act. *Sanderson* specifically disallows discovery of peer review documents involving other persons, not just the treatment of the plaintiff in the litigation. The court in *Sanderson* states clearly that peer review records are not subject to discovery in any civil action other than a civil action by the person subject to the peer review.

In so ruling, this court adopts the sound reasoning of the Honorable R. Stanton Wettick in the case of *O'Neill v. McKeesport Hospital,* 48 D.&C.3d 115 (1987), a malpractice action in which Judge Wettick denied plaintiff's motion to compel production of defendant hospital's documents, reports or recommendations prepared by the Joint Commission on Accreditation of Hospitals. Judge Wettick held that "any findings, recommendation, evaluation, or opinions of JCAH generated by health care providers on behalf of JCAH, with respect to any review of the practices and procedures governing treatment . . . within McKeesport Hospital are records of a review committee within the meaning of section 4 of the Peer Review Protection Act." Allegheny County discovery opinions, supp. 1987-1988, 2d ed., at p. 601. The reasoning of Judge Wettick is compelling:

"The purpose of peer review is to improve the quality of care provided by health care providers through reviews by other health care providers of care and treatment previously rendered. 63 P.S. §425.2. Effective peer review requires the reviewing physicians to make a comprehensive and honest evaluation. Such an evaluation may contain findings and recommendations that are extremely critical of another health care provider. If these evaluations may be used against that health care provider in medical malpractice actions, it is far less likely (1) that physicians or hospitals will seek

peer review or (2) that physicians engaging in peer review will make a comprehensive and honest evaluation when the evaluation would be critical of another health care provider. Thus, the legislature has chosen to protect the findings, recommendations, evaluations, or opinions generated through peer review in order to encourage peer review. See generally, *Steel v. Weisberg,* 347 Pa. Super. 106, 500 A.2d 428 (1985); *Schwartz v. Tri-County Hospital,* 74 D.&C.2d 52, 54 (Phila., 1975)."

Judge Wettick then proceeded to examine the existing case law. His exhaustive analysis is equally persuasive here and supports the orders set forth herein.

Plaintiffs here argue that they only seek peer review documents that are available from original sources citing the proviso in section 4 of the Act which does not allow a litigant to withhold material otherwise discoverable from an original source simply because that material was presented during peer review proceedings. Plaintiffs ask the court to take an unusual leap and construe this proviso to permit discovery of peer review documents or evaluations because they were not generated in *this* hospital's peer review proceedings. Plaintiffs cannot so facilely transform a prior peer review document into a discoverable one merely because it may have a peer review source other than the instant defendant hospital's peer review procedure. If, however, the document is not a product of peer review but rather is a factual report or record, then it would, of course, be discoverable even though it may have been presented in a peer review proceeding.

Moreover, plaintiffs' reliance on *Atkins v. Pottstown Memorial Medical Center,* 430 Pa. Super. 279, 634 A.2d 258 (1993) is equally misplaced. That case was not a medical malpractice action, but rather was a slip and

fall involving a patient in a hospital facility. The issue involved the discovery of the incident report of the accident, not documents which are the subject of the Peer Review Act because they are generated by health care providers for the purpose of assessing the quality of *medical* care which is the purpose of the Peer Review Protection Act.

Accordingly, for the reasons stated herein, it is hereby ordered that insofar as the plaintiffs seek to compel the production of documents protected by the Peer Review Protection Act, the motion to compel is denied.