**Treible v. Lehigh Valley Hospital Inc.**

24

*Peter M. Villari* and *Theresa Giannone,* for plaintiffs.
*Richard Stevens* and *Howard S. Stevens,* for defendant
Lehigh Valley Hospital entities.

BLACK, *J.,* August 12, 2005—In this medical malpractice case the defendant Lehigh Valley Hospital Inc. (LVH) and related parties have objected to the plaintiffs' request for the production of documents on the ground that the documents are protected from disclosure under the Peer Review Protection Act, 63 P.S. §§425.1-425.4, and the Medical Care Availability and Reduction of Error Act, 40 P.S. §§1303.101-1303.910. Before the court is the plaintiffs' motion to strike the objections and to compel LVH to respond to the document request.

Following argument, the parties resolved all the objections but one. The matter still in dispute is the second page of each of four separate two-page reports prepared by hospital staff following the incident that gave rise to this lawsuit. LVH has produced the first page of each of these reports. This page is identified as "Risk Management/Quality Assurance Hospital Event Report" and contains basic information about the event. The second page, which LVH resists producing, is entitled "Quality Assurance Review Form" (QAR form) and states at the top "Peer Review . . . This information is protected from discovery by PA state law." This second page contains a section describing the event; a second section labeled "Follow-up"; and a third section labeled "Action/conclusion."

We held a hearing to receive evidence explaining the purpose of the QAR forms and the use or uses to which

they were put. At this hearing LVH offered into evidence a blank copy of the two-page report form.[1] LVH also produced the testimony of Georgine Saliba, its administrator for risk management and patient safety. The plaintiffs offered into evidence a copy of LVH's bylaws[2] along with the depositions of several hospital nurses involved in the care at issue.[3]

According to Ms. Saliba's testimony, the QAR forms, which are the second page of each of the two-page reports, do not become part of the patient's chart. Instead they go directly to the medical director of the particular specialty involved for his or her review.[4] In this case the QAR forms would have gone to the director of maternal fetal medicine. As for the contents of the forms, Ms. Saliba testified that the first section contains a factual description of the event itself prepared by the nurse or physician who observed it. The section labeled "Follow-up," usually completed by a director or supervisor, contains a description of follow-up steps taken.[5] The third section, "Action/conclusion," is completed by the departmental director and indicates what actions were taken or conclusions reached as a result of the event and follow-up.[6]

The hospital has a Clinical Case Review Committee made up of the various departmental chairs and members of its board of directors. This committee reviews "sentinel events (those unique events which are so dis-

---

1. Defendants' exhibit 1.
2. Plaintiffs' exhibit 1.
3. Plaintiffs' exhibits 2, 3 and 4.
4. Notes of Testimony of Hearing 6/24/05, 20.
5. N.T. 12-13.
6. N.T. 13.

astrous as to require review after the first occurrence) and other significant occurrences logged as quality assessment cases and investigated by the various Medical Staff Departments in the Hospital." [7]

Ms. Saliba was unable to state whether Rhonda Treible's case had been reviewed by this committee. She testified that the Treible case was not a "sentinel case." She did not know whether it had been logged as a quality assessment case.

Ms. Saliba testified that LVH has other review committees engaged in quality assurance review in addition to the Clinical Case Review Committee. However, she did not know whether any other quality assurance committee ever utilized the QAR forms at issue in this case as part of a review.[8] All she could testify to was that the QAR forms went to the director of the maternal fetal medicine department for that person's review. She did not state that the forms were reviewed by any committee.

The Peer Review Protection Act provides a limited privilege for the work of peer review committees in the medical field. The Act is to be strictly construed. *Young v. Western Pennsylvania Hospital,* 722 A.2d 153, 156 (Pa. Super. 1998). It protects statements and documents provided exclusively to peer review committees. The purpose of the Act is to "encourage doctors, nurses and other medical care providers to frankly and confidentially inform hospital committees concerning the performance of medical professionals and hospital per-

---

7. Plaintiffs' exhibit 1 (LVH bylaws), p. 34.
8. N.T. 14, 19-20.

sonnel in connection with their health care duties."
*Hanzsek v. McDonough,* 44 D.&C.3d 639, 642 (Lehigh
Cty. 1987) (Gardner, J.).

To further this purpose, the Act protects certain records
from discovery. It does not, however, protect from dis-
covery information, documents or records otherwise
available from original sources merely because this in-
formation was presented during proceedings of a review
committee.

A party claiming a privilege not to disclose informa-
tion has the burden of proving those facts necessary to
sustain the claim of privilege. *Joe v. Prison Health Serv-
ices Inc.,* 782 A.2d 24, 32 (Pa. Commw. 2001). Under
the Peer Review Protection Act it is the "proceedings
and records of a review committee" that are not subject
to discovery.[9] *Atkins v. Pottstown Memorial Medical
Center,* 430 Pa. Super. 279, 283, 634 A.2d 258, 260 (1993)
(holding that peer review privilege did not apply to a
document that "was not derived from, nor part of an
evaluation or review by a peer review committee.").
Therefore, to sustain its claim of peer review privilege,
LVH had the burden of demonstrating that the documents
at issue were in fact utilized by a peer review committee.
Unless the QAR forms were part of the proceedings or
records of a review committee, the Act by its terms does
not apply.

In this case LVH has failed to meet this burden. Cer-
tainly, the mere fact that the forms are labeled "Peer
Review . . . This information is protected from discov-
ery by PA state law" does not insulate them from discov-

---

9. 63 P.S. §425.4.

ery. Nor does the fact that the documents were forwarded to, or reviewed by, the departmental chair of the department involved in the patient's care.

Whether or not the documents *might* be used at some point in the future by a review committee is irrelevant. Only "the proceedings and records of a review committee" are immune from discovery. In the absence of any evidence that the documents at issue were ever utilized by a review committee, the claim of peer review privilege must fail.

The same reasoning applies to the hospital's claim that the documents at issue are immune from discovery under the MCARE Act. The MCARE Act protects from discovery "documents, materials or information . . . which arise out of matters *reviewed* by the patient safety committee pursuant to section 310(b) or the governing board of a medical facility. . . ." 40 P.S. §1303.311(a). (emphasis added) In this case there is no evidence that the QAR forms were reviewed by a patient safety committee or by the hospital's governing board. Therefore, the MCARE Act does not immunize the documents at issue from discovery.

Finally, we note that Nurse Renee E. Gombert of LVH, who had been involved in Ms. Treible's care, admitted in her deposition in this case that she had reviewed the documents at issue prior to the taking of her deposition.[10] Under Pennsylvania Rule of Evidence 612, when a witness uses a writing to refresh his or her recollection before testifying, "if the court in its discretion determines

---

10. Plaintiff's exhibit 2, deposition of Renee E. Gombert, pp. 16, 19.

it is necessary in the interest of justice, an adverse party is entitled to have the writing . . . produced at the hearing, trial or deposition, to inspect it, to cross-examine the witness on it, and to introduce into evidence those portions which relate to the testimony of the witness."

As our colleague the Honorable Judge Lawrence Brenner observed recently in *Forrest v. St. Luke's Hospital,* no. 2004-C-2343 (Lehigh Cty. June 13, 2005), "it would be patently unfair to allow the defendant to use the information that it seeks to shield from discovery as support for its position. . . ." We believe that allowing hospital witnesses to make use of QAR forms in preparation for their discovery depositions, while at the same time claiming that these documents are shielded from discovery, is also patently unfair. Therefore, in the interests of justice, even if the QAR forms were otherwise to qualify for the peer review or MCARE privilege, we believe that any such privilege has been waived by Nurse Gombert's use of these documents to prepare for her deposition. See also, *Tirado v. Lehigh Valley Hospital,* 49 D.&C.4th 110 (Lehigh Cty. 2000) (Ford, J.) (holding that report no longer protected by peer review privilege where physician defendant had consulted it in preparation for her deposition).

For the reasons stated, the objections of LVH to the plaintiffs' request for production of the QAR forms are overruled, and LVH must produce these documents for inspection by the plaintiffs.

## ORDER

Now, August 12, 2005, upon consideration of the plaintiffs' motion to strike defendants Lehigh Valley Hospital

Inc., Lehigh Valley Hospital and Lehigh Valley Hospital and Health Network's objections and to compel said defendants to provide full, complete and verified responses to plaintiffs' request for production of documents, after review of the parties' briefs and oral argument, for the reasons set forth in the accompanying opinion, it is ordered that said motion be and the same hereby is granted. Defendants Lehigh Valley Hospital Inc., Lehigh Valley Hospital and Lehigh Valley Hospital and Health Network shall produce for inspection by the plaintiffs, within 20 days from the date of this order, a full copy of the four Quality Assurance Review forms prepared by defendants' personnel in connection with the occurrence referred to in the plaintiffs' complaint.