# Rice v. Taves

C.P. of Lehigh County, No. 2011-C-4252

*Stephen J. Margolis,* for plaintiff
*Kimberly G. Krupka,* for defendants

JOHNSON, *J.,* March 14, 2013—Before this court is the plaintiffs, William E. Rice, Jr., executor of the estate of Jo Anne Rice, deceased, and William E. Rice, Jr., individually, motion to compel compete (sic) answers To interrogatories and request for production of documents from defendants, Judith Taves, HHA, CAN, Lehigh Valley Home Care, Lehigh Valley Hospice, Lehigh Valley Hospital, Inc., and Muhlenberg Hospital Center ("plaintiff's motion") filed on November 13, 2012. In a previous order, this court made a decision relating to the

interrogatories. We now address the second part of the said motion seeking to compel the defendants to produce a report which has been referred to as an "investigative report," "incident report," and "patient safety report." This court finds that all of these references refer to the same report which the court reviewed in camera, which we will refer to as the patient safety report ("PSR"). The defendants have claimed that the PSR is privileged under the Peer Review Protection Act ("PRPA"), 63 P.S. § 425.1-425.4, and the Medical Care Availability and Reduction of Error Act ("MCARE"), 40 P.S. § 1303.101-1303.910. When a party claims privilege of a document, the burden is on the party claiming that privilege to prove they are entitled to refrain from producing it.

The defendants have shown that the PRPA and MCARE both have provisions which create confidential documents to be used in the peer review process in an effort to improve the health care system by encouraging honesty in self-correction. To prove compliance with PRPA and MCARE, the defendants provided the testimony of Georgene Saliba, Judith Taves, and Brian LaSalle.

The plaintiff claims that, even if there was no breach of confidentiality, she is entitled to the facts Ms. Taves disclosed in the PSR because those facts are otherwise available from original sources as discuss in 40 P.S. §1303.311(a). The plaintiff also claims that the defendants must prove that the PSR was actually reviewed by the Patient Safety Committee or governing board of a medical facility as outlined in 40 P.S. §1303.311(a).

The plaintiff's first argument about original sources

misinterprets MCARE. The purpose of the original sources exception under MCARE appears to be that a hospital cannot attach other documents and reports which are used in the normal course of treatment to a report created for the Patient Safety Committee in order to make those original documents confidential. The court here finds that the PSR at issue in this case was created for the purpose of compliance with PRPA and MCARE and, therefore, even the factual statements contained in it are not original source documents which are discoverable under PRPA and MCARE.

The court finds that there was no breach in the confidentially of the PSR. Neither counsel, nor any witness presented, had seen the PSR and the in camera review showed no sign that the PSR was ever accessed by a department other than the patient safety department. The court was unable to identify all the positions of every individual on the PSR but, based on the departments that accessed the PSR, according to the report, it was kept confidential consistent with the requirements of PRPA and MCARE.

The other issue raised by the plaintiff is the claim that the PSR is not protected as confidential under PRPA and MCARE because the defendants have not shown that the PSR was ever actually used in peer review. This claim is based on the language of MCARE:

"Any documents, materials or information solely prepared or created for the purpose of compliance with section 310(b) or of reporting under section 304(a)(5) or (b), 306(a)(2) Or (3), 307(b)(3), 308(a), 309(4), 310(b)

(5) or 313 which arise out of matters reviewed by the patient safety committee pursuant to section 310(b) or the governing board of a medical facility pursuant to section 310(b)..."40 P.S.§ 1303.311(a).

This language has been interpreted in *Treible v. Lehigh Valley Hospital Inc.,* 2005 WL 3947166,75 Pa. D. & C. 4th 22 (2005). In that case, Judge Black held that the confidentiality protections of PRPA and MCARE did not apply when there was no proof that the report was ever peer reviewed. Ms. Saliba also testified in the *Treible* case. The facts in *Treible* are similar to the instant case on the issue of confidentiality except that the report at that point in time was called a Quality Assurance Review Form, which Ms. Saliba now testifies is no longer used. Judge Black, citing *Atkins v. Pottstown Memorial Medical Center,* 430 Pa. Super. 279, 283, 634 A.2d 258,260 (1993), held that the hospital has the burden of proving the reports were used by a peer review committee. *Treible,* at 27 (2005). Although the form name and process may have changed, this court finds that the same burden still applies to a hospital seeking to claim privilege. The burden to show privilege lies with the party claiming privilege. Ms. Taves and Mr. LaSalle did not testify that the PSR was actually peer reviewed. Ms. Saliba testified that she is a member of the patient safety council, although not the board, and that she cannot recall if this PSR was ever reviewed by herself or anyone else. While Ms. Saliba explained in great detail the extensive process Lehigh Valley Hospital has in place to comply with MCARE, she did not state that this PSR was ever in front of a peer review committee.

Therefore, we are compelled to reach the same

conclusion as the court in *Treible* that the defendants have failed to prove that the PSR is privileged under PRPA or MCARE because they have failed to prove that it was ever reviewed by a peer review committee.

Therefore, the plaintiff's motion to compel the production of the Patient Safety Report is granted.

### ORDER

And now, March 14, 2013, upon consideration of the plaintiffs, William E. Rice, Jr., executor of the estate of Jo Anne Rice, deceased, and William E. Rice, Jr., individually, motion to compel compete (sic) answers to interrogatories and request for production of documents From defendants, Judith Taves, HHA, CAN, Lehigh Valley Home Care, Lehigh Valley Hospice, Lehigh Valley Hospital, Inc., and Muhlenberg Hospital Center filed on November 13, 2012, after arguments heard on January 18, 2013 and March 8, 2013, and for the reasons set forth in the accompanying memorandum opinion;

It is hereby ordered that plaintiff's motion to compel defendants to produce the patient safety report[4] is granted.

It is further ordered that the defendants shall have ten (10) days from the date of this order to mail a copy of the patient safety report to opposing counsel and to this court.

---

4. This report has been referred to as several documents throughout the arguments and briefs including investigative report, incident report, and patient safety report. It appears that all the references have been to one (1) document which this court reviewed in camera.